United States District Court
Southern District of Texas
**ENTERED**
December 22, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LARRY DALE DITTO, § § Plaintiff, § § VS. § BILL MILLS, § § Defendant. § § § § § § | CIVIL ACTION NO. 2:23-CV-00265 |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE FOR FAILURE TO PROSECUTE

Plaintiff Larry Dale Ditto appearing pro se and in forma pauperis, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. At the time he filed this action, Plaintiff was confined at the Aransas County Detention Center ("ACDC"). Plaintiff names Aransas County Sheriff Bill Mills as the sole defendant in his original complaint. (D.E. 1, pp. 1, 3).

On October 19, 2023, the undersigned granted Plaintiff's application to proceed *in forma pauperis*. (D.E. 6). Five days later, on October 24, 2023, the undersigned issued an Order for More Definite Statement, directing Plaintiff to answer several questions or directives on or before November 23, 2023. (D.E. 7). The undersigned warned Plaintiff that his original complaint was deficient and that his failure to comply with the October 24 Order would result in the dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure. (Id. at 4).

Plaintiff did not comply with the October 24 Order by submitting a More Definite Statement. On November 28, 2023, the undersigned ordered Plaintiff to show cause on or before December 20, 2023, why this action should not be dismissed for want of prosecution under Federal Rule of Civil Procedure 41(b). (D.E. 8). The undersigned instructed Plaintiff that he would comply with the Show Cause Order by timely filing his More Definite Statement in response to every question or directive posed to him in the October 24 Order. *Id.* at 2. Plaintiff was warned that his failure to comply with the November 28 Show Cause Order in a timely fashion would result in the undersigned recommending dismissal of this action. (*Id.*). Court records reflect that the November 28 Show Cause Order has been returned to the Court as undeliverable. (D.E. 11).

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute). To date, Plaintiff has not responded to either the Order for More Definite Statement (D.E. 7) or the Show Cause Order (D.E. 8). Plaintiff has failed to follow court orders and submit his More Definite Statement. He has been previously advised that this action may be dismissed for want of prosecution if he fails to comply with a court order. Furthermore, it appears that Plaintiff is no longer in custody at the ACDC and has abandoned his case by not filing a notice of change of address. Dismissal is therefore warranted under these circumstances.

Accordingly, the undersigned respectfully recommends that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

Respectfully submitted on December 21, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).